Filed 7/31/14  In re B.Z. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| In re B.Z., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> B.Z., <br><br> Defendant and Appellant. | A141128 <br><br> (Contra Costa County Super. Ct. No. J12-01472) |

Minor B.Z. appeals from the dispositional order of the juvenile court committing him to the Orin Allen Youth Rehabilitation Facility for a six-month program. Appellant's court-appointed counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to appellant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.)  Counsel attests appellant was advised of his right to file a supplemental brief.  We have received no such brief.  After independently reviewing the record, we conclude no arguable issues are presented for review and affirm the judgment.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

On January 6, 2014, at 10:51 p.m., South San Francisco police officers contacted appellant and an adult, who were seated in a vehicle located in the Embassy Suites Hotel parking lot after the officers noticed an odor of marijuana emanating from the vehicle. Appellant was sitting in the driver's seat and identified himself as "James Anderson," with a date of birth of November 1992. After a police K-9 search, a large amount of individually wrapped plastic "twists" containing crack cocaine was located inside of the vehicle's steering column. Additionally, appellant had a bundle of money in denominations of $1, $5, and $20 bills totaling $117. On the adult's person, the police found a large number of small plastic " 'twists,' crack rocks, and a plastic bag containing marijuana." Both appellant and the adult admitted smoking marijuana.

Appellant and the adult were arrested and transported to the police station for questioning where an officer noticed appellant's face did not match "James Anderson's" Department of Motor Vehicles photo. After being read his *Miranda*[2] rights, appellant admitted cocaine was in the steering column and he sells it. Appellant was questioned several times about his identity and consistently identified himself with "James Anderson's" name. During the booking process, however, appellant's identity was revealed following a search through several databases.

A petition was filed on January 8, 2014, alleging appellant committed one count of possession for sale of a controlled substance (Health & Saf. Code, § 11351.5), one count of false impersonation (Pen. Code, § 529, subd. (a)(3)),[3] and one count of resisting arrest (Pen. Code, § 148, subd. (a)(1)). At the detention hearing also held on January 8, appellant admitted the felony count of possession for sale of a controlled substance. Because appellant resided in Contra Costa County, the matter was transferred there for disposition.

---

[1] The facts are taken from the probation report.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

[3] The record of the court proceedings dated January 8, 2014 incorrectly identifies this Penal Code section as 529.3.

At the dispositional hearing, the Contra Costa County juvenile court declared appellant a ward of the court, removed him from the custody of his parents, and committed him to a six-month program at the Orin Allen Youth Reformation Facility, plus a 90-day conditional release with the probation department to calendar a review within 90 days. The court also ordered appellant to stay away from the Embassy Suites Hotel at 250 Gateway Boulevard in South San Francisco, and to use his true name, date of birth and legal address when requested by any peace officer or school official. The court further ordered an evaluation of appellant's home for suitability before being released on parole.

## DISCUSSION

Appellant was ably represented by counsel throughout the proceedings.

Before appellant admitted the possession for sale of a controlled substance allegation, the court advised him of the constitutional rights he would be waiving and of the direct consequences of his plea. Appellant expressly waived his constitutional rights, and knowingly and voluntarily admitted the allegations.

There was no dispositional error. According to the probation report, this incident was appellant's fifth referral to the probation department. Moreover, in a different, previously filed Welfare and Institutions Code section 602 petition, the Contra Costa County juvenile court, on January 24, 2013, sustained one count of resisting arrest. Appellant's subsequent arrest and admission of possession for sale of a controlled substance in this present matter demonstrates his criminal behavior is escalating in seriousness, and thus the court's decision to commit him to the Orin Allen Youth Rehabilitation program was amply justified.

The court has reviewed the entire record, and finds no arguable legal issues requiring further briefing.

Accordingly, the judgment is affirmed.

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.


A141128
*In re B.Z.*

4